IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WANDA HENRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-107-WKW-SMD |
| ) | |
| TOMMY GLASSCOCK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.   INTRODUCTION

Pro se Plaintiff Wanda Henry ("Henry") is a former employee of the Alabama State Department of Education ("DOE"). Am. Comp. (Doc. 40) at ¶ 12. On February 5, 2021, Henry filed a complaint against DOE, Tommy Glasscock ("Glasscock"), Eric Mackey ("Mackey"), Daniel Boyd ("Boyd"), and Jennifer Burt ("Burt") (collectively "Defendants"). Compl. (Doc. 1). Defendants subsequently filed a collective Motion to Dismiss the Complaint. *See* Mot. to Dismiss (Doc. 10). On December 8, 2021, the undersigned entered an order construing Henry's Responses to the Motion to Dismiss (Docs. 19, 22, 31) as a motion for leave to amend. *See* Order (Doc. 35). The undersigned granted the motion, as construed, and ordered Henry to file an amended complaint on or before January 5, 2022, that complied with Rules 8, 10, and 11 of the Federal Rules of Civil Procedure.

On January 3, 2022, Henry filed her amended complaint alleging claims against Defendants that consisted of (1) Title VII Sex Discrimination; (2) Title VII Retaliation; (3)

Equal Protection Violations pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983; (4) Breach of Contract; (5) Negligent Training, Supervision, and Retention; (6) Outrage; and (7) Assault and Battery. Am. Comp. (Doc. 40) ¶¶ 155-189. Defendants then filed a collective Motion to Dismiss the Amended Complaint (Doc. 41). For the following reasons, the undersigned recommends that the Motion be denied, and that Henry be given leave to file a third amended complaint.

## II.     JURISDICTION

Federal courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapath Servs.*, 545 U.S. 546, 552 (2005). As such, they only have the power to hear cases that they have been authorized to hear by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have jurisdiction over two general types of cases: (1) cases that arise under federal law[1]; and (2) cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among parties.[2] *Home Depot U.S.A., Inc. v. Jackson*, 139 S.Ct. 1743, 1746 (2019). Courts presume that causes of action "lie [] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. State law claims can be heard in federal court if the state law claims arise from a common nucleus of operative facts with a federal claim. *Womack v. Carrol Cnty. Ga.*, 840 F. App'x 404, 407 (11th Cir. 2020) (citing *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006)).

---

[1] 28 U.S.C. § 1331.
[2] 28 U.S.C. § 1332.

Here, Henry asserts a Title VII Sex Discrimination claim; a Title VII Retaliation claim; and a Fourteenth Amendment Equal Protection claim. *See* Am. Compl. (Doc. 40) ¶¶ 155-171. These claims arise under federal law, thereby giving this Court original jurisdiction over the matter. Additionally, Henry brings a breach of contract claim; a negligent training, supervision, and retention claim; an outrage claim; and an assault and battery claim. *Id.* at ¶¶ 172-189. Although these claims arise under State law, it appears that Henry's alleged facts pertaining to the State law claims are related to the facts giving rise to her federal claims. Specifically, Henry alludes to a performance appraisal associated with her employment with DOE (*id.* at ¶ 173), DOE's failure to train and discipline Glasscock and other employees regarding policies prohibiting discriminatory conduct (*id.* at ¶¶ 176-179), other DOE employees giving public statements that defamed her (*id.* at ¶ 183), and persistent harassment from Glasscock (*id.* at ¶ 188). Thus, it appears that Henry's federal and State law claims share a common nucleus of operative facts. As such, the Court can exercise supplemental jurisdiction over Henry's State law claims.

### III. LEGAL STANDARDS

#### A. Pleading Standard

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). "Each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfullly-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.* (internal quotations omitted). A complaint must contain enough well-pleaded facts to "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient "to raise a right to relief beyond the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The Eleventh Circuit explains that "complaints . . . must now contain either direct or inferential [factual] allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F.3d 701, 707 n.2 (11th Cir. 2010) (internal citations and quotations omitted). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678.

To determine whether a plaintiff has stated a claim, a court should first "eliminate any allegations in the complaint that are merely legal conclusions," and then, if there are any well pleaded factual allegations remaining, assume their veracity and decide "whether they plausibly give rise to an entitlement to relief." *Amer. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal citations and quotations omitted). "The plausibility standard is met only where the facts alleged enable 'the court to draw the

4

reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F. 3d 1246, 1251 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

### C. Pro Se Litigants

Federal courts must "show a leniency to pro se litigant not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics removed). A document filed pro se is "to be liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). Despite this leniency, a pro se plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). Importantly, a district court "does not have license to rewrite a deficient pleading," and—like complaints drafted by attorneys—a pro se complaint must be dismissed if it fails to state a claim on which relief may be granted. *See, e.g.*, *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008); *Albrata v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007).

### IV. ANALYSIS

Henry's Amended Complaint is an impermissible shotgun pleading. Complaints that violate Rule 8(a)(2) are frequently referred to as shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018) (explaining that a shotgun pleading is one that violates the short and plain statement requirement of Rule 8). The

Eleventh Circuit recognizes four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint not falling into the first category but nevertheless "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not separate "into a different count each cause of action or claim for relief"; and (4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321-23. Regardless of the category under which it falls, a shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1223.

The Eleventh Circuit shows "little tolerance for shotgun pleadings," even when the plaintiff proceeds pro se. *See, e.g.*, *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (quoting *Vibe Micro, Inc.*, 878 F.3d at 1295); *Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 771 (11th Cir. 2020); *Blochowicz v. Wilkie*, 2020 WL 5028224, at *3 (S.D. Ga. Aug. 25, 2020) (noting that the court "takes a dim view of shotgun pleadings"). However, "[b]efore dismissing a complaint with prejudice on shotgun pleading grounds, the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint." *Arrington*, 757 F. App'x at 797. If "the plaintiff fails to comply with the court's order—by filing [another complaint] with the same deficiency—the court should strike his pleading or, depending on the

circumstances, dismiss his case and consider the imposition of monetary sanctions." *Vibe Micro, Inc.*, 878 F.3d at 1295.

Here, Henry's Amended Complaint fails to give Defendants adequate notice of the claims against them. Specifically, Henry's Amended Complaint falls into the first, second, and fourth categories of shotgun pleadings described by the Eleventh Circuit. First, while Henry does include a lengthy statement of facts in her Amended Complaint (*see* Am. Compl. (Doc. 40) ¶¶ 12-154), she does nothing to clarify which facts correlate to her discrete claims. Indeed, the first paragraph under each claim states that "[Henry] re-alleges the facts above as if fully set forth herein[.]" *see id.* ¶¶ 155, 161, 166, 172, 177, 181, 187. This blanket statement incorporating Henry's voluminous allegations makes it virtually impossible for Defendants to conclude which facts give rise to the alleged claims. *See, e.g. Chudasoma v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n. 9 (11th Cir. 1997) (finding a shotgun pleading where "a reader of the complaint must speculate as to which factual allegations pertain to which count").

Further, to the extent Henry includes any facts within each claim, it is unclear to whom she attributes them. Specifically, Henry asserts each of her claims against *all Defendants* making it unclear which Defendant's actions gave rise to the claim. *See* Am. Compl. at ¶¶ 155-189. For example, in Count I, Henry alleges "Defendants' workplace toxicity led to Henry experiencing insufficient sleep[,]" and in the next sentence she states "[m]any nights Henry would mentally replay the yelling of Glasscock's demeaning, angry, mean words." *Id.* at ¶ 159. Similarly, in Count V, she alleges that "Defendants had a duty to provide a reasonably safe, nondiscriminatory, and non-hostile work environment to

7

Plaintiff[,]" but in the next paragraph states "Defendant [DOE] failed to train, discipline, or terminate [ ] Glasscock." *Id.* at ¶¶ 176, 177. This leaves Defendants—and the Court—guessing as to whether Henry intends to assert these claims against all Defendants or whether she asserts the claim only against the Defendants specifically referenced within the claim. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of.").

Additionally, the majority of Henry's claims consist of vague and conclusory language. For example, in Count I, she states that "Defendants subjected Henry to unwelcome, severe and pervasive sexual discrimination." *Id.* at ¶ 157. In the same Count she asserts that "Defendants subjected Henry to a hostile work environment." *Id.* at ¶ 158. In Count II, she states "Defendants subjected [Henry] to a retaliatory hostile environment[,]" that "Defendants terminated [Henry's] employment because [Henry] engaged in protected activity[,]" and that "Defendant's retaliation was within close temporal proximity of her protected activity." *Id.* at ¶¶ 163-165. In Count III, she alleges that "[u]nder color of law, Defendants denied [Henry] equal protection to be free from discrimination and harassment in the workplace[,]" and that "Defendants were deliberately indifferent to [Henry's] clearly established Constitutional and statutory rights." *Id.* at ¶¶ 168, 169. Henry cannot simply recite the elements of a claim without providing the facts that support each element. Thus, Henry has failed to adequately apprise Defendants of the

grounds upon which her claims rest. *See Weiland*, 792 F.3d at 1323. As such, the undersigned finds that Henry's Amended Complaint is an impermissible shotgun pleading.

However, the Eleventh Circuit requires that pro se plaintiffs be given a final opportunity to amend their complaints to meet the requirements of the Federal Rules of Civil Procedure. *See Arrington*, 757 F. App'x at 797. As such, the undersigned recommends that Henry be given one final opportunity to remedy the flaws in her Amended Complaint.

## V.     CONCLUSION

For the reasons stated above, it is the

RECOMMENDATION of the Magistrate Judge that Defendants' Motion to Dismiss (Doc. 41) be DENIED, and that Henry should be given leave to file an amended complaint that complies with this Recommendation and the Federal Rules of Civil Procedure. It is further

ORDERED that, should the District Judge adopt this Recommendation, Henry shall file her third amended complaint **no later than four weeks after the date of adoption**. Henry is WARNED that her failure to file her third amended complaint within this timeframe will result in the undersigned recommending that her case be dismissed for failure to prosecute. If Henry chooses to file a third amended complaint, she is advised that the complaint must comply with Rules 8, 10, and 11 of the Federal Rules of Civil Procedure, and the following:

(1) The third amended complaint must set forth the specific federal causes of action under which Henry brings her claims or allege sufficient facts to support diversity jurisdiction.

(2) For each cause of action alleged, the third amended complaint must contain factual allegations about each Defendant's conduct, clearly indicating which specific factual allegations provide support for which cause(s) of action and noting the relevant date of all such actions.

(3) The third amended complaint must include clear allegations of fact showing that Henry is entitled to relief under federal law.

(4) The third amended complaint must clearly indicate which specific factual allegations provide support for each claim.

(5) The third amended complaint must be set out in numbered paragraphs, each limited, as far as practicable, to a specific set of circumstances.

(6) Henry should also consider any other alleged deficiencies asserted by Defendants in their Motion to Dismiss (Doc. 40) when drafting her third amended complaint, as Defendants will have an opportunity to file motions to dismiss the amended complaint.

Henry is

ADVISED that, once a complaint is amended, the only issues before the court are those raised in the amended document, and Henry will not be permitted to rely upon or to incorporate her prior pleadings by reference. *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the

former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." (internal citation omitted)). Finally, it is

ORDERED that the parties shall file any objections to this Recommendation **on or before May 9, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 25th day of April, 2022.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE