IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WANDA HENRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v.   ) | CASE NO. 2:21-CV-107-WKW |
| ) | [WO] |
| ALABAMA STATE ) | |
| DEPARTMENT OF EDUCATION, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This is an employment discrimination case. Plaintiff Wanda Henry alleges that, in violation of Title VII, she was fired from her job as a Cosmetology and Automotive Education Specialist at the Alabama State Department of Education (ALSDE) because she is a woman and because she complained about discriminatory harassment. She also brings various state-law tort claims. Notably, Henry is representing herself in this action as a pro se plaintiff despite efforts to obtain counsel. To date, she has filed a complaint, an amended complaint, which was found to be a shotgun pleading, and a second amended complaint, which is currently operative. Pending before the court is Defendants ALSDE, Eric Mackey, Daniel Boyd, Tommy Glasscock, and Jennifer Burt's motion to dismiss the amended complaint for failing to state any viable claim (Doc. # 55).

On February 2, 2023, the Magistrate Judge filed a Recommendation (Doc. # 62) to which Henry filed an objection (Doc. # 64). The Recommendation advised that all of Henry's federal claims be dismissed with prejudice and for the court to decline to exercise supplemental jurisdiction over her state-law claims. For the reasons that follow, the Recommendation is due to be adopted in part and rejected in part. Ultimately, the court concludes: (1) that the Title VII claims against all Defendants except ALSDE be dismissed *with prejudice*; (2) that the Title VII hostile-work-environment claim against ALSDE be dismissed *with prejudice*; (3) that the Title VII termination claims based on sex discrimination and retaliation brought against ALSDE be dismissed *without prejudice*; and (4) that the state-law claims be dismissed *without prejudice*.

Dismissing a claim "with prejudice" functionally means that the claim cannot be brought again, either in an amended complaint or in a different case. Dismissing a claim "without prejudice" functionally means that the claim can be reasserted again either in an amended complaint or in a different case.

Here, for the claims that are dismissed without prejudice, Plaintiff Wanda Henry will be granted leave to file a further amended complaint on or before **April 14, 2023**. That means Henry is being given the opportunity to bring her Title VII retaliation, Title VII sex-discrimination, and state-law claims again in this case. If Henry files a third amended complaint, it should include the factual detail that she

includes in her objection, but that is not in her second amended complaint. *Compare* Objection to Recommendation (Doc. # 64) *with* Second Amended Complaint (Doc. # 54).

## I.  JURISDICTION AND VENUE

This court has jurisdiction over Henry's Title VII claims under its federal question jurisdiction. 28 U.S.C. § 1331; *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006). The court may exercise supplemental jurisdiction over her related state-law claims because they share a common nucleus of operative fact with her Title VII claims. 28 U.S.C. § 1367; *Womack v. Carrol Cnty. Ga.*, 840 F. App'x 404, 407 (11th Cir. 2020) (citing *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006)).

## II.  STANDARD OF REVIEW

A party's timely written objections to a magistrate judge's report and recommendation require this court's *de novo* review of those portions of the report to which the party objects. *See* 28 U.S.C. § 636(b); *see also Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Frivolous, conclusive, or general objections need not be considered by the district court."). After completing its review, applying the same standard as the magistrate judge, the court may accept, reject, or modify the report, in whole or in part. *See* 28 U.S.C. § 636(b).

Here, the Magistrate Judge used the appropriate motion-to-dismiss standard for a motion brought under Federal Rule of Civil Procedure 12(b)(6): To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient "to raise a right to relief beyond the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim. *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Twombly*, 556 U.S. at 555). To determine whether a plaintiff has stated a claim, the court should first "eliminate any allegations in the complaint that are merely legal conclusions" and then determine whether the well-pleaded factual allegations of the complaint—assuming their veracity—plausibly give rise to an entitlement to relief. *Amer. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal quotation and citation omitted). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

Federal courts must "show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics removed). A document filed pro se is "to be liberally construed," and a pro se complaint, "however inartfully pleaded,

4

must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). However, the leniency shown to pro se plaintiffs "does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc.*, 132 F.3d at 1369.  A pro se complaint must still be dismissed if it fails to state a claim on which relief may be granted.  *See, e.g.*, *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008); *Albrata v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007).

### III.  FACTUAL BACKGROUND

Because the court ultimately reaches its decision based on facts brought forth in the objection—*that were not in the operative complaint*—the court will not write two lengthy factual narratives (one based solely on the second amended complaint, and one based on that complaint as clarified by the objection).

Very briefly, however,[1] the facts in the second amended complaint include the following:

Plaintiff Wanda Henry worked for ALSDE as a Cosmetology and Automotive Specialist.  She worked directly under Defendant Tommy Glasscock.  Starting in February 2019, Glasscock began orally harassing Henry.  He constantly told her

---

[1] The court emphasizes that these facts are not a comprehensive breakdown of the second amended complaint's allegations.  They are but a rough sketch to orient the reader.

things along the lines of: "You need to be polishing your nails, not working on Automotive . . . A woman can't do Automotive . . . A woman like you can't do Automotive . . . You're stupid . . . The automotive education specialist job wasn't a job for a woman, especially a woman like you," among others.

Henry complained about this treatment to Defendant Jennifer Burt, an Education Administrator, on April 29, 2019. Henry again complained to Burt on May 30, 2019, and told Burt that she was going to complain about Glasscock to Defendant Daniel Boyd, the Assistant State Superintendent.

Later that same day, Glasscock called Henry into a meeting with him and Burt, where Glasscock told Henry that she was fired because he is "headed in a different direction" and no longer needed her services. Five days later, on June 5, 2019, Boyd called Henry into his office and forced her to resign. He told her she had done nothing wrong and that they were "just headed in a different direction." Henry was escorted out of the building.

Notably, the objection clarifies much of this timeline. (*See* Doc. # 64.) Specifically, the objection (but not the second amended complaint) factually represents that Henry did not just "plan" to complain about Glasscock to Boyd, but she did in fact complain to Boyd before being forced to resign, and that Boyd was aware that Glasscock had attempted to terminate Henry, and that Boyd told Henry

that he was going to investigate her complaint and Glasscock's attempt to terminate her.

## IV.  DISCUSSION

The court will first discuss Henry's objections to the Recommendation as it relates to her Title VII claims and then discuss her objections to the Recommendation relating to her state-law claims.  The court concludes both that the motion to dismiss should be granted and that the Recommendation should be adopted to the extent that all claims will be dismissed.  The Title VII retaliation and sex-discrimination claims against ALSDE, and the state-law claims, will be dismissed *without* prejudice.  To the extent that the motion requests dismissal with prejudice as to those claims, it will be denied.  Similarly, to the extent that the Recommendation advises dismissal with prejudice as to those claims, it will be rejected.

### A.    Objections to Title VII Claims[2]

Henry brings three causes of action against ALSDE under Title VII: (1) a hostile-work-environment claim, (2) that she was wrongfully terminated because of

---

[2] The Recommendation advises that all Title VII claims brought against the individual defendants, either in their individual or official capacities, should be dismissed with prejudice because Title VII claims, "may be brought against only the employer and not against an individual employee," and the official-capacity claims against the individual employees are redundant of the claims against ALSDE.  (Doc. # 62 at 7); *see also Dearth v. Collins*, 441 F.3d 931, 993 (11th Cir. 2006).  Henry does not object to this finding and accepts that the Title VII claims should proceed only against ALSDE.  (Doc. # 64 at 3.)  Accordingly, the court will adopt the Recommendation as

7

her sex, and (3) that she was wrongfully terminated because she complained about sex discrimination and harassment. *See* 42 U.S.C. § 2000e. The hostile-work-environment claim will be dismissed with prejudice for the reasons stated by the Magistrate Judge. The termination claims based on sex discrimination and retaliation will be dismissed without prejudice because Henry's objection provides factual detail absent from her amended complaint that undermines the Recommendation's analysis.

### 1. *Hostile Work Environment (Count I)*

Upon a *de novo* review of the record, the court finds that the Magistrate Judge's Recommendation as to Henry's Title VII hostile-work-environment claim should be adopted and that her hostile-work-environment claim should be dismissed with prejudice. Henry's objection presents no arguments or facts that were not addressed by the Recommendation. Accordingly, the court adopts the Recommendation's reasoning and analysis and will dismiss the hostile-work-environment claim with prejudice.

### 2. *Wrongful Termination Based on Sex Discrimination (Count I)*

Under this claim, Henry asserts that she was terminated because she is a woman. Henry objects to the Magistrate Judge's recommendation that her Title VII

---

to all claims brought under Title VII against any Defendant other than ALSDE and dismiss those claims with prejudice.

wrongful-termination, sex-discrimination claim be dismissed with prejudice. (Doc. # 64 at 4.) The Recommendation concluded that Henry failed to state a wrongful-termination discrimination claim under Title VII because Henry's well-pleaded factual allegations failed to plausibly suggest that Henry was terminated because of her sex. Specifically, the Magistrate Judge found that "there are no facts pleaded that in any way connect" Boyd's decision to fire Henry with Glasscock's alleged discriminatory statements. (Doc. # 62 at 10.)

Assuming the Recommendation's analysis is correct on the face of the complaint, Henry's objection nevertheless fills the gap and connects Boyd's decision with Glasscock's statements. Glasscock told Henry that because she was a woman, she could not do her job. Thereafter, Glasscock attempted to fire Henry. The objection newly alleges that, after Glasscock attempted to fire Henry, Henry complained about Glasscock's discrimination/termination attempt to Boyd. Boyd told her that she was not fired and that he would investigate. A few days later, Boyd allegedly fired Henry. Boyd provided the same reason for this action that Glasscock previously had: "You did nothing wrong. We just don't need your services anymore." Henry also now alleges Boyd never investigated her complaint of discrimination before being forced to resign or investigated Glasscock's reason for wanting to terminate her. Boyd allegedly forced Henry to resign without following

9

ALSDE's written procedures for such an action. Two weeks after her termination, her role in the automotive department was filled by a man.

While the complaint did not establish that Glasscock's discriminatory statements had made their way to Boyd, the decisionmaker, the facts provided in the objection establish (1) that Boyd was aware of the discriminatory statements because Henry had complained about them, (2) that Boyd was aware that Glasscock had attempted to terminate Henry and that he was recommending her termination, and (3) that Boyd believed he needed to investigate both Henry's complaint and Glasscock's reasons for attempting to terminate Henry. Moreover, the objection alleges Boyd made no such investigations and, rather, that he adopted Glasscock's recommendation wholesale, as evidenced by the fact that he reiterated, nearly verbatim, Glasscock's nominal reason for wanting to fire Henry, which was almost no reason: "You've done nothing wrong. We just don't need your services anymore." But apparently, they did need Henry's services because they filled her post two weeks later—with a man. Seven months later, ALSDE told Henry that she was fired because of "work performance issues," not because it simply did not need her anymore. (Doc. # 64 at 20.)

Accordingly, because the objection provides facts that undermine the lynchpin reasoning of the Recommendation,[3] the court finds that a dismissal of the wrongful termination claim with prejudice against Henry, a pro se plaintiff, is not warranted and due to be rejected.[4]  Instead, the court will dismiss the claim *without* prejudice and grant Henry fourteen days from the date of this order to file a third amended complaint that includes the factual detail provided in her objection.  *See* (Doc. # 64).

### 3. *Wrongful Termination in Retaliation for Protected Activity (Count IV)*

For this claim, Henry asserts that she was terminated, not directly because of her sex, but in retaliation for and because she complained about sexual discrimination and harassment.  The Magistrate Judge recommends that Henry's Title VII retaliation claim be dismissed with prejudice because the amended

---

[3] These are alleged facts which, in fairness, were not known to the Magistrate Judge.  The court exercises its direction in a *pro se* complaint setting to excuse Plaintiff yet one more time for inadequate factual pleading.

[4] Along the many evidentiary frameworks used to establish causation in the Title VII context, the facts presented in the objection recall, among others, the cat's paw theory of liability, which concerns "conditions under which a lower-level employee's animus can be imputed to a decisionmaker."  *Ziyadat v. Diamondrock Hospitality Co.*, 3 F. 4th 1291, 1298 (11th Cir. 2021). "Pursuant to a cat's paw theory, a defendant may be held liable for the [discriminatory] animus of its non-decisionmaking employee when 'that employee's discriminatory conduct causes a decisionmaking employee to' take the adverse action against the plaintiff."  *Joyce v. Sewon C&A Inc.*, 2022 WL 6766144, at *6 (M.D. Ala. Oct. 11, 2022) (Watkins, J.) (quoting *Ziyadat*, 3 F. 4th at 1298).

complaint does not sufficiently allege "protected activity" within its meaning under Title VII. Specifically, the Magistrate Judge notes that the second amended complaint alleges that Henry filed two informal complaints to a co-worker, Burt, and that she only "*planned* to report Glasscock to Dr. Boyd for harassment." (Doc. # 62 at 13.) Accordingly, the Recommendation found that Henry's "alleged discussion of some future planned protected activity with a coworker . . . does not itself constitute a protected activity." (Doc. # 62 at 13.)

The Recommendation's reasoning is sound on the face of the complaint, and therefore dismissal is warranted. However, the court finds that Henry's objection provides information that obviates the above analysis, and counsels in favor of dismissal without prejudice and with leave to refile an amended complaint. Specifically, as discussed in the Recommendation, the complaint does not explicitly establish that Henry complained to Boyd, rather that she just *planned* to complain to Boyd. The objection cures any ambiguity on this front. On May 30, 2019:

> Henry went to Boyd's office and reported Glasscock's inappropriate actions and statements . . . She told Boyd how . . . [Glasscock] would laugh at her and tell her she was stupid . . . [that] "A woman cannot do automotive especial[ly] a woman like you." Henry told Boyd that Glasscock had ruined her life. Boyd said he would investigate the complaint and look for Henry another job in another department. Henry was still employed, and Boyd told her to continue to come to work.

(Doc. # 64 at 8.)

The objection makes clear—which the second amended complaint did not—that Henry complained to Boyd, the person that the Recommendation refers to as the "proper supervisor with whom to lodge any complaint about Glasscock." (Doc. # 62 at 13.)  Moreover, the objection clarifies that Henry's complaint to Boyd was in reference to discrimination.  Indeed, she now asserts that she told Boyd that Glasscock directly told her she could not do her job because of her sex. *Miles v. City of Birmingham*, 398 F. Supp. 3d 1163, 1184 (N.D. Ala. 2019) (noting that, to constitute protected activity, "an employee must communicate her belief that discrimination is occurring to the employer[.]").

Additionally, to the extent the Recommendation found that Henry's complaints to Burt are insufficient to qualify as protected activity because Burt was not in Henry's direct chain-of-command, the objection provides further information that calls such an analysis into doubt.  The objection alleges that, "[w]hen Henry reported to Burt—Henry was following ALSDE Rules Operation of Grievance procedures."  (Doc. # 64 at 7.)  If true, as it would be construed at this stage had it been adequately pled, Henry's informal report to Burt may constitute protected activity because the "making of informal complaints or the use of an internal grievance system is protected conduct under the opposition clause." *Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1144 (11th Cir. 2020); s*ee also Furcron*, 843 F.3d at 1311 ("Title VII's protections are not limited to individuals who file

13

formal complaints, but extend to those who voice informal complaints as well."). Finally, in further elucidation on the operative complaint, the objection indicates that Henry's complaints to Burt were more than just legal conclusions about harassment. Rather, the objection states that Henry told Burt that she was experiencing an "intimidating, hostile, and offensive work environment," and that Glasscock was "continuously harassing her," and telling her that she, as a woman, could not do the automotive job, and that Henry instead should be "polishing [her] fingernails." (Doc. # 64 at 7.)  Accordingly, while the Recommendation found that "Henry's complaint does not identify what she said to Burt on April 29, 2019," and therefore cannot constitute protected activity, the objection identifies precisely that absent information.

Based on the foregoing, and in light of new factual information presented in the objection to the Recommendation, the Recommendation that Henry's Title VII retaliation claim as to ALSDE be dismissed with prejudice will be rejected.  Rather, as with the wrongful-termination sex-discrimination claim, the court finds that Henry should be given an opportunity to amend her complaint to include the factual detail brought forth in her objection.  Accordingly, Henry's Title VII retaliation claim will be dismissed without prejudice.  She may reassert her retaliation claim in a further, and final, amended complaint within fourteen days of the entry of this order.

### B.   Objections to State-Law Claims

The Magistrate Judge recommends that the court decline to exercise supplemental jurisdiction over Henry's state-law claims because he recommended that all federal-question (Title VII) claims should be dismissed with prejudice. While the court is adopting the Recommendation to the extent that all Title VII claims will be dismissed (the hostile-work-environment claim with prejudice, the sex-discrimination and retaliation claims without prejudice), the court also adopts the Magistrate Judge's recommendation that the state-law claims, on this complaint, be dismissed. However, as with the sex-discrimination and retaliation claims, the state-law claims will be dismissed *without* prejudice, and Henry will be granted leave to file a final amended complaint. That means that Henry's state-law claims will be dismissed on the present complaint, but that she is allowed to reassert all her state-law claims in this case by filing a third amended complaint.

### V. CONCLUSION

Accordingly, it is ORDERED as follows:

(1)   The Recommendation (Doc. # 62) is ADOPTED in part and REJECTED in part.

(2)   Defendants' motion to dismiss (Doc. # 55) is GRANTED in part and DENIED in part.

(3) Defendants' motion to dismiss (Doc. # 55) is GRANTED to the extent that it moves to dismiss Plaintiff Wanda Henry's Title VII claims against all Defendants in their individual and official capacities other than Defendant Alabama State Department of Education. Those claims are dismissed with prejudice and may not be brought in a further amended complaint.

(4) Defendants' motion to dismiss (Doc. # 55) is GRANTED to the extent that it moves to dismiss Plaintiff Wanda Henry's Title VII hostile-work-environment claim against ALSDE. That claim is dismissed with prejudice and may not be brought in a further amended complaint.

(5) Defendants' motion to dismiss (Doc. # 55) is DENIED to the extent that it moves to dismiss Plaintiff Wanda Henry's Title VII retaliation and sex-discrimination, wrongful-termination claims; however, it is GRANTED to the extent that it seeks dismissal of those claims with prejudice.

(6) Defendants' motion to dismiss (Doc. # 55) is GRANTED to the extent that it moves to dismiss Plaintiff Wanda Henry's state-law claims; however, it is DENIED to the extent that it seeks dismissal of those claims with prejudice.

(7) Plaintiff Wanda Henry's Title VII sex-discrimination, wrongful-termination claim against ALSDE is dismissed without prejudice.

(8) Plaintiff Wanda Henry's Title VII retaliation claim against ALSDE is dismissed without prejudice.

(9) Plaintiff Wanda Henry's state-law claims are dismissed without prejudice.

(10) All other claims are dismissed with prejudice.

(11) Plaintiff Wanda Henry is GRANTED leave to file a third amended complaint on or before **April 14, 2023**.

DONE this 31st day of March, 2023.

                                                  /s/ W. Keith Watkins  
                                       UNITED STATES DISTRICT JUDGE