IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WANDA HENRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-107-RAH-SMD |
| ) | |
| ALABAMA STATE DEPARTMENT OF ) | |
| EDUCATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Wanda Henry ("Henry") brings this employment discrimination action against the Alabama State Department of Education ("Ala. Dept. of Ed.") and four named Ala. Dept. of Ed. officials (the "individual defendants"). In her third amended complaint, Henry alleges that she was terminated from her position as an Education Specialist for Cosmetology and Automotive due to her sex. She brings both Title VII and state-law claims. Before the court is the individual defendants' motion to dismiss.[1] (Doc. 73). For the reasons below, the undersigned recommends that the individual defendants' motion be GRANTED.

**I.    PARTIES AND CLAIMS**

Henry brings Title VII, 42 U.S.C. § 2000e *et seq.*, and state-law claims against the Ala. Dept. of Ed. as an entity and State Superintendent of Education Dr. Eric Mackey ("Mackey"), Deputy State Superintendent of Education Dr. Daniel Boyd ("Boyd"),

---

[1] The Ala. Dept. of Ed. has not filed a motion to dismiss the third amended complaint.

Assistant State Superintendent of Education Tommy Glasscock ("Glasscock"), and Education Administrator Jennifer Burt ("Burt"). 3d Am. Compl. (Doc. 67). Henry does not indicate whether she is suing Mackey, Boyd, Glasscock, and Burt in their official or individual capacities.

Count I is a Title VII claim alleging sex discrimination. *Id.* pp. 11-13 ¶¶ 63-33. Count II is a state-law claim for the tort of outrage. *Id.* p. 15 ¶¶ 35-42. Count III is a Title VII retaliation claim. *Id.* pp. 21-25 ¶¶ 64-110. Count IV is a wrongful termination based on discrimination claim. *Id.* pp. 26-30 ¶¶ 111-35. Count V is a state-law claim for breach of contract. *Id.* pp. 31-42 ¶¶ 136-57. Count VI is a state-law claim for negligent training, supervision, and retention. *Id.* pp. 43-47 ¶¶ 159-86.

The undersigned will address Henry's Title VII claims first and then address her state-law claims.

## II. JURISDICTION

This Court has jurisdiction over Henry's Title VII claims under its federal question jurisdiction. 28 U.S.C. § 1331; *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006). The Court may exercise supplemental jurisdiction over her related state-law claims because they share a common nucleus of operative fact with her Title VII claims. 28 U.S.C. § 1367; *Womack v. Carrol Cnty. Ga.*, 840 F. App'x 404, 407 (11th Cir. 2020) (citing *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006)).

## III. PROCEDURAL HISTORY

In February 2021, Henry filed suit against defendants alleging violations of Title VII. Compl. (Doc. 1). Defendants subsequently filed a motion to dismiss. Mot. to Dismiss

(Doc. 10). Henry then filed multiple responses (Docs. 19, 22, 31), which the undersigned construed as a motion for leave to amend her complaint. Order (Doc. 35). The undersigned granted the motion, as construed, and ordered Henry to file an amended complaint that complied with Rules 8, 10, and 11 of the Federal Rules of Civil Procedure. *Id.*

Henry filed her amended complaint alleging a combination of Title VII and state-law claims. Am. Compl. (Doc. 40) pp. 16-22. Defendants then filed a second motion to dismiss (Doc. 41). The undersigned found that Henry's amended complaint was a shotgun pleading, recommended that defendants' motion be denied, and gave Henry a final opportunity to amend her complaint. Rec. (Doc. 52). The Court adopted the Recommendation, and Henry filed her second amended complaint. (Doc. 54). Defendants then moved to dismiss the second amended complaint. (Doc. 55).

The undersigned entered a Recommendation that Henry's second amended complaint be dismissed. Rec. (Doc. 62). After Henry filed objections to the Recommendation, the Court permitted her to file a third amended complaint. Opinion and Order (Doc. 66). The individual defendants now move to dismiss the third amended complaint. Mot. to Dismiss. (Doc. 73). The Ala. Dept. of Ed. has not filed a motion to dismiss.

## IV. LEGAL STANDARD

### A. Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient "to raise a right to relief beyond the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements" are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The Eleventh Circuit explains that "complaints . . . must now contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F.3d 701, 707 n.2 (11th Cir. 2010) (internal quotation and citation omitted). To determine whether a plaintiff has stated a claim, the court should first "eliminate any allegations in the complaint that are merely legal conclusions" and then determine whether the well-pleaded factual allegations of the complaint—assuming their veracity—plausibly give rise to an entitlement to relief. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal quotation and citation omitted). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

### B. Pro Se Litigants

Federal courts must "show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics omitted). A document filed pro se is "to be liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). However, the leniency shown to pro se plaintiffs "does not give a court license to serve as *de facto* counsel for a party or to rewrite

4

an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc.*, 132 F.3d at 1369. A pro se complaint must still be dismissed if it fails to state a claim on which relief may be granted. *See, e.g.*, *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008); *Albrata v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007).

## V. ANALYSIS

### A. Title VII Claims

Count I is pleaded as a Title VII claim and Counts III and IV are fairly read as Title VII claims. Count I alleges sex discrimination. 3d Am. Compl. (Doc. 67) pp. 11-12 ¶¶ 63-33. Count III is a retaliation claim. *Id*. pp. 21-25 ¶¶ 64-110. Count IV is a wrongful termination based on discrimination claim. *Id.* pp. 26-30 ¶¶ 111-35.

#### i. Immunity

Henry brings Title VII claims against Mackey, Boyd, Glasscock, and the Ala. Dept. of Ed.[2] Mackey, Boyd, and Glasscock argue that they should be granted immunity, and Henry's Title VII claims against them should be dismissed. Mot. to Dismiss (Doc. 73) pp. 2-4. As Mackey, Boyd, and Glasscock point out, Henry does not indicate whether she brings these claims against them in their official or individual capacities, but they argue that the claims merit dismissal regardless.

The employer is generally the only proper defendant in a Title VII claim. *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006). While a plaintiff may bring Title VII claims

---

[2] The individual defendants argue that because Henry did not bring any claims against Burt in her third amended complaint, Burt should be dismissed. Based on the language of the third amended complaint, it is not entirely clear if Henry intended to bring claims against Burt. However, even if the third amended complaint is construed as bringing claims against Burt, the analysis applied to Mackey, Boyd, and Glasscock applies to Burt.

against individual employees in their official capacities, she cannot maintain such claims if she also names the employer. *Wheeles v. Nelson's Elec. Motor Servs.*, 559 F. Supp. 2d 1260, 1267 (M.D. Ala. 2008) (citation omitted) ("[W]hen a plaintiff names both the employer and the individual supervisor in his official capacity, the supervisor may be dismissed from the action."). Additionally, a plaintiff cannot bring Title VII claims against employees in their individual capacities. *See Wheeles*, 559 F. Supp. 2d at 1267 (dismissing the plaintiff's Title VII claims against defendant employees in their individual capacities).

Here, Henry brings her Title VII claims against the Ala. Dept. of Ed. in addition to the individual defendants. Given that Henry names both her employer and her individual supervisors, her claims against her supervisors are due to be dismissed if brought against them in their official capacities. And because Title VII precludes liability for employees in their individual capacities, Henry's claims against Boyd, Mackey, and Glasscock should also be dismissed if brought against them in their individual capacities. Therefore, the Ala. Dept. of Ed. is the only proper defendant for Henry's Title VII claims.[3]

**B.    State Law Claims**

Count II is a claim for outrage. 3d Am. Compl. (Doc. 67) pp. 15-20 ¶¶ 35-50. Count V is a claim for breach of contract. *Id.* pp. 31-42 ¶¶ 136-57. Count VI is a claim for negligent training, supervision, and retention. *Id.* pp. 43-47 ¶¶ 159-86. As explained below, the state-law claims against the individual defendants should be dismissed because they

---

[3] Although state agencies generally enjoy Eleventh Amendment immunity, Congress has validly abrogated the States' Eleventh Amendment immunity in the employment discrimination context. *See In re Emp. Discrimination Litig. Against State of Ala.*, 198 F.3d 1305, 1316-18 (11th Cir. 1999). As such, Henry's Title VII claims against the Ala. Dept. of Ed. do not violate the Eleventh Amendment.

are immune from suit. Alternatively, the state law claims should be dismissed because Henry fails to state a claim.

### i. The individual defendants are entitled to immunity on Henry's state law claims.

As with her Title VII claims, Henry brings state-law claims against Mackey, Boyd, Glasscock, and the Ala. Dept. of Ed. Although it is unclear whether she brings her claims against the individual defendants in their official or individual capacities, the individual defendants argue that the state-law claims against them should be dismissed based on sovereign immunity or state agent immunity, respectively.

First, the individual defendants argue that, assuming Henry sought to sue them in their official capacities, her state law claims are barred by sovereign immunity. The Alabama State Constitution provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." Art. I, § 14, Ala. Const. of 1901. This provision makes "the State and its agencies . . . absolutely immune from suit." *Lyons v. River Road Constr., Inc.*, 858 So. 2d 257, 261 (Ala. 2003) (citations omitted). Furthermore, "State officers sued in their official capacities are also absolutely immune from suit when the action is, in effect, one against the state." *Id.* (internal quotations omitted). Accordingly, "[t]he State cannot be sued indirectly by suing an officer in his or her official capacity when a judgment against the officer would directly affect the financial status of the State treasury." *Id.* Because state immunity is "a jurisdictional bar to an action against the State by precluding a court from exercising subject-matter jurisdiction," "if [the defendant] is

protected by State immunity, [the court] must dismiss the action against [the defendant] for lack of subject-matter jurisdiction." *Id.*

State immunity does not apply to "'[a]ctions brought under the Declaratory Judgments Act . . . seeking construction of a statute and how it should be applied in a given situation'" or to actions that "seek[] to compel a State officer to perform a duty prescribed by law." *Id.* at 262-63. Relevant here, state immunity also does not bar "[a]ctions against State officials in their individual capacities . . . where it is 'alleged that [the State officials] . . . acted fraudulently, in bad faith, beyond their authority or in a mistaken interpretation of law.'" *Id.* at 265.

Here, the Ala. Dept. of Ed. is a state agency, and the individual defendants are former employees of the Ala. Dept. of Ed. A judgment against any of the individual defendants in their official capacities "would directly affect the financial status of the State treasury." *Id.* at 262 (quoting *State Docks Comm'n v. Barnes*, 143 So. 581, 582 (1932)). Furthermore, none of the exceptions to state immunity apply in this case. Accordingly, assuming Henry intended to name the individual defendants in their official capacities, her state law claims against them cannot be sustained and warrant dismissal.

In the alternative, the individual defendants argue that, assuming Henry sought to sue them in their individual capacities, her state-law claims are barred by state-agent immunity. The Alabama Supreme Court has established a burden-shifting process to determine whether an individual is entitled to state-agent immunity. *Ex parte Est. of Reynolds*, 946 So. 2d 450, 452 (Ala. 2006). First, the "State agent bears the burden of demonstrating that the plaintiff's claims arise from a function that would entitle the State

8

agent to immunity." *Id.* Then, "[i]f the State agent makes such a showing, the burden then shifts to the plaintiff to show that the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority." *Id.* "A State agent acts beyond authority and is therefore not immune when he or she fail[s] to discharge duties pursuant to detailed rules or regulations, such as those stated on a checklist." *Id.* (quoting *Giambrone v. Douglas*, 874 So. 2d 1046, 1052 (Ala. 2003)) (internal quotations omitted). A state agent is entitled to immunity in an individual "capacity when the conduct made the basis of the claim against the agent is based upon the agent's . . . exercising his or her judgment in the administration of a department or agency of government . . . ." *Ex parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000), *holding modified by Hollis v. City of Brighton*, 950 So. 2d 300 (Ala. 2006).

Here, the conduct about which Henry complains occurred while the individual defendants were "exercising [their] judgment in the administration of [the Ala. Dept. of Ed.]." *Cranman*, 792 So. 2d at 405. Regarding Boyd, Henry alleges that she complained to him after Glasscock and Burt terminated her. 3d Am. Compl. (Doc. 67) p. 8 ¶¶ 37-47. Over the next week, Boyd communicated with Henry regarding his efforts to find her a job in another department. *Id.* p. 9 ¶ 48. Finally, Boyd met with Henry when he asked her to resign or be terminated. *Id.* p. 9 ¶¶ 49-56. Boyd's conduct in these situations involved exercising judgment in the administration of the Ala. Dept. of Ed.—namely, in making personnel decisions. Regarding Mackey, Henry alleges that he entered into an employment contract with her and was aware that she would be asked to resign or be terminated. *Id.* p. 9 ¶ 56, p. 31 ¶ 138. These personnel decisions required Mackey to use his judgment in the

9

administration of the Ala. Dept. of Ed. Regarding Glasscock, he interacted with Henry in his capacity as her supervisor, which involved exercising judgment in personnel decisions.

Further, Henry has not argued—and the undersigned does not find—that any of the exceptions to state-agent immunity apply. Indeed, Henry does not allege any facts indicating that the individual defendants acted willfully, maliciously, fraudulently, in bad faith, or beyond their authority. Therefore, assuming Henry intended to sue them in their individual capacities, the individual defendants enjoy state-agent immunity from suit, and the state-law claim against them should be dismissed.

> ii. **Henry fails to state claims for her state law claims.**

Even if the individual defendants did not qualify for immunity, Henry's state-law claims would still warrant dismissal.

> a. **Count II—Outrage**

The Alabama Supreme Court has established that "[t]he tort of outrage is an extremely limited cause of action." *Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000). To prevail on the claim, the plaintiff must show that the defendant "(1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it." *Wilcox v. Andalusia City Sch. Bd. of Educ.*, 2023 WL 2412775, at *19 (M.D. Ala. Mar. 8, 2023) (quoting *Wilson v. Univ. of Ala. Health Servs. Found., P.C.*, 266 So. 3d 674, 676 (Ala. 2017)). The Alabama Supreme Court has generally recognized outrage in three situations: "(1) wrongful conduct in the family-burial context; (2) barbaric methods employed to coerce an insurance settlement; and (3) egregious sexual harassment." *Potts*, 771 So. 2d at 465 (citations omitted) (citing

*Whitt v. Hulsey*, 519 So. 2d 901 (Ala. 1987), *Nat'l Sec. Fire & Cas. Co. v. Bowen*, 447 So. 2d 133 (Ala. 1983), and *Busby v. Truswal Sys. Corp.*, 551 So. 2d 322 (Ala. 1989)). Though outrage exists beyond these three general scenarios, "the challenged conduct must be 'so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.'" *Wilcox*, 2023 WL 2412775, at *20 (quoting *Jenkins v. U.S. Fid. & Guar. Co.*, 698 So. 2d 765, 768 (Ala. 1997) (citation omitted)). Even conduct that is "boorish, vulgar, and completely unacceptable"—such as "the act of grabbing another's head and, while fully clothed, making pelvic thrusts in his face"—is "not sufficiently egregious for the tort of outrage" under Alabama law. *Eaves v. Cajun Operating Co.*, 2022 WL 453531, at *8 (M.D. Ala. Feb. 14, 2022) (quoting *Stancombe v. New Process Steel LP*, 652 F. App'x 729, 739 11th Cir. 2016) (per curiam)).

Here, Henry alleges that Glasscock accused her of writing a training test with numerous spelling and grammar errors that she did not actually write. 3d Am. Compl. (Doc. 67) pp. 15-20 ¶¶ 35-42. After Henry told Glasscock that another employee had provided the test, Glasscock continued to tell other Ala. Dept. of Ed. employees that Henry wrote the test. *Id.* Specifically, Henry alleges that Glasscock "continued to spread the false accusation along with how stupid Henry was" and "spread the false and malicious accusation about the SkillsUSA test to Boyd and Mackey as to a reason [Henry] should be dismissed from her job." *Id.* p. 15 ¶¶ 38-39. This alleged conduct does not rise to the level of "extreme" and "outrageous" required to establish outrage. This conduct also does not fall within the three paradigmatic categories of outrage. Accordingly, Henry has not

11

pleaded sufficient facts to allege outrage, and this claim merits dismissal against Glasscock.[4]

### b. Count V—Breach of Contract[5]

Under Alabama law, the party bringing a breach of contract claim has the burden of establishing "the existence of a valid, enforceable contract." *Johnson v. Airbus Def. & Space Inc.*, 858 F. App'x 304, 311 (11th Cir. 2021). To prove the existence of a valid, enforceable contract, the party must show "an offer, an acceptance, consideration, and mutual assent to the terms of the contract." *Id.* (quoting *Mantiply v. Mantiply*, 951 So. 2d 638, 656 (Ala. 2006)). The purported contract must include "the necessary essential terms with the requisite definiteness to be considered a valid, enforceable contract." *Id.* An offer letter that does not "discuss[] or contain[] the terms of employment" is insufficiently definite to constitute an employment contract. *See id.* "Without 'a valid contract binding the parties,' it is axiomatic that a plaintiff cannot succeed on a breach-of-contract claim." *Id.* Because "agents cannot be held liable for a principal's breach of contract," breach of contract claims are properly brought against employers, not individual employees. *See Edwards v. Dothan City Schs.*, 2022 WL 601760, at *5 (M.D. Ala. Feb. 28, 2022) (quoting *Harrell v. Reynolds Metals Co.*, 495 So. 2d 1381, 1389 (Ala. 1986)).

---

[4] Although the Ala. Dept. of Ed. has not moved to dismiss the claim, the claim would be subject to dismissal for the same reason—i.e., that the conduct does not meet the threshold for outrage.

[5] The heading of Count V indicates that Henry intends to bring this claim against only the Ala. Dept. of Ed. However, she alleges facts that indicate she is attempting to sue the individual defendants as well. To the extent that Henry is attempting to sue the individual defendants, the above analysis applies to them.

Alabama law has a strong presumption of at-will employment. *Ex parte Moulton*, 116 So. 3d 1119, 1136 (Ala. 2013). Either the employee or the employer may terminate an at-will employment contract "with or without cause or justification"—that is, for "a *good* reason, a *wrong* reason, or *no* reason."[6] *Hoffman-La Roche, Inc. v. Campbell*, 512 So. 2d 725, 728 (Ala. 1987). Employment is considered at-will "unless there is an express and specific contract for lifetime employment or employment for a specific duration." *Moulton*, 116 So. 2d at 1136. Employees "bear a heavy burden of proof" to overcome the presumption in favor of at-will employment. *Id.* To meet this burden, an employee must show "(1) that there was a clear and unequivocal offer of lifetime employment or employment of definite duration; (2) that the hiring agent had authority to bind the principal to a permanent employment contract; and (3) that the employee provided substantial consideration for the contract separate from the services to be rendered." *Id.* (quoting *Wright v. Dothan Chrysler Plymouth Dodge, Inc.*, 658 So. 2d 428, 430 (Ala. 1995)) (internal citations omitted). The Alabama Supreme Court has expressly held that there are no exceptions to these criteria. *Hoffman-LaRoche*, 512 So. 2d at 728.

Here, Henry does not identify a particular document as her employment contract. Based on the allegations in the third amended complaint, it appears that she is alleging her

---

[6] Even if an employee is at-will, "an employee handbook can represent a binding contract obligating an employer to satisfy certain conditions precedent to dismissing an employee." *Davis v. City of Montevallo*, ___ So. 3d ___ (Ala. 2023) (quoting *Harper v. Winston Cnty.*, 892 So. 2d 346, 351 (Ala. 2004)). However, Henry has also not alleged any facts that indicate she entered into a contract requiring Ala. Dept. of Ed. to meet any conditions precedent prior to terminating her employment.

13

offer letter is her employment contract.[7] To the extent that Henry alleges her offer letter is her employment contract, this argument fails. The offer letter, which does not discuss or contain specific terms of employment beyond Henry's title, salary, and start date, 3d Am. Compl. p. 33, does not include "the necessary essential terms with the requisite definiteness to be considered a valid, enforceable contract." *Johnson*, 858 F. App'x at 311. It is certainly not sufficient to overcome the presumption that she was an at-will employee. Accordingly, the undersigned finds that even accepting Henry's alleged facts as true, she has not stated a breach of contract claim, and the claim should be dismissed.

Alternatively, even if the undersigned construes the offer letter as a contract, Henry still could not succeed on her breach of contract claim against the individual defendants. Any contract would be between Henry and her employer, the Ala. Dept. of Ed, rather than the individual defendants, who, as agents, "cannot be held liable for [the Ala. Dept. of Ed.'s] breach of contract." *Edwards*, 2022 WL 601760, at *5 (quoting *Harrell*, 495 So. 2d at 1389).[8] On these alternative grounds, Henry's breach of contract claim should be dismissed against the individual defendants.

Finally, to the extent the offer letter is an employment contract, it states that "[p]robationary employees do not have property rights" and "are not entitled to due

---

[7] Henry alleges that "[o]n July 2, 2018, Defendant Mackey entered into a contract and agreement with Plaintiff whereby Defendant Mackey agreed to follow the rules under the State Merit System." 3d Am. Compl. (Doc. 67) p. 31 ¶ 138. Henry's offer letter provides that she could "indicate [her] acceptance of this appointment by signing the second copy of this letter and returning it . . . on the first day of employment," which was July 2, 2018, suggesting that Henry believes she entered into the contract on that date. *Id.* p. 33.

[8] Henry seems to recognize this in her third amended complaint, in which she states that "[a]n employment contract is an agreement between the employer and the employee." 3d Am. Compl. p. 31 ¶ 136.

14

process." 3d Am. Compl. p. 33. Henry was employed with the Ala. Dept. of Ed. through the State Merit System, which required her to serve a one-year probationary term. *Id.* She was still in this one-year probationary period when her employment ended, *id.* p. 29 ¶ 145, meaning that she did not have due process rights to her employment. Accordingly, under the terms of the contract as provided by Henry, she has not alleged a breach. Thus, the claims should be dismissed.

### c.     Negligent Training, Retention, and Supervision[9]

"To hold an employer liable for negligent or wanton supervision and retention, the plaintiff must demonstrate that (1) the employee committed a tort recognized under Alabama law; (2) the employer had actual notice of this conduct or would have gained such notice if it exercised 'due and proper diligence'; and (3) the employer failed to respond adequately to this notice." *Eaves*, 2022 WL 453531. Importantly, under Alabama law, "a plaintiff may not bring a claim against an employee for negligent supervision and training of a subordinate." *Byrd v. Buckner*, 2020 WL 2046375, at *9 (M.D. Ala. Apr. 28, 2018); *see also Hand v. Univ. of Ala. Bd. of Trs.*, 304 F. Supp. 3d 1173, 1182 (N.D. Ala. 2018) ("Alabama law does not recognize a cause of action against a supervisor for that supervisor's negligent training or supervision of a subordinate.").

Henry brings her claim for negligent training, retention, and supervision against Mackey, Boyd, and Glasscock in addition to the Ala. Dept. of Ed.  Because Mackey, Boyd,

---

[9] The heading of Count VI indicates that Henry intends to bring this claim against only the Ala. Dept. of Ed. However, she alleges facts that indicate she is attempting to bring this claim against the individual defendants as well. To the extent that Henry is attempting to bring this claim against the individual defendants, the above analysis applies to them.

15

and Glasscock are employees, not the employer, Henry cannot state a claim for negligent training, supervision, and retention against them. Thus, their motion to dismiss this claim should be granted.

## VI.   CONCLUSION

For the reasons stated above, the Magistrate Judge RECOMMENDS that Defendants' Motion to Dismiss (Doc. 73) be GRANTED and that:

(1) Henry's Title VII claims (Counts I, III & IV) be dismissed with prejudice as against Mackey, Boyd, Glasscock, and Burt; and

(2) Henry's state-law claims (Counts II, V, and VI) be dismissed without prejudice as against Mackey, Boyd, Glasscock, and Burt.  It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before October 18, 2023**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of October, 2023.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE